SEALED

NOV 12 2025 PM3:36
FILED - USDC - FLMD - ORL

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

UNITED STATES OF AMERICA

    v.

JOUSTIN ALFREDO OLIVO NICACIO
  a/k/a Joustin Alfredo Olivo-Nicacio
LENIN EDGARDO GONZALEZ-CASANAS
  a/k/a Lenin Edgardo Gonzalez Casanas

CASE NO. 6:25-cr-306-RBD-NWH
18 U.S.C. § 933(a)
18 U.S.C. § 932(b)
18 U.S.C. § 922(g)(5)

## INDICTMENT

The Grand Jury charges:

### COUNT ONE
### (Attempt and Conspiracy to Traffic in Firearms)

### A. Introduction

At times material to this Indictment:

1.    JOUSTIN ALREDO OLIVO NICACIO, a/k/a Joustin Alfredo Olivo-Nicacio ("NICACIO"), was a firearms trafficker operating in the Middle District of Florida and elsewhere. As set forth below, as part of his illicit activities, OLIVO NICACIO attempted to and conspired with a network of associates, including Unindicted Co-Conspirator 1, LENIN EDGARDO GONZALEZ-CASANAS, E.O., and others, to acquire firearms to be delivered to other persons in the Middle District of Florida and elsewhere. NICACIO did not have a federal firearms license ("FFL") to legally engage in the business of selling firearms.

2.      LENIN EDGARDO GONZALEZ-CASANAS, a/k/a Lenin Edgardo

Gonzalez Casanas ("CASANAS"), was a firearms trafficker operating in the Middle

District of Florida and elsewhere. As set forth below, as part of his illicit activities,

CASANAS attempted to and conspired with a network of associates, including

Unindicted Co-Conspirator 1, NICACIO, E.O., and others, to acquire firearms to be

delivered to other persons in the Middle District of Florida and elsewhere.

CASANAS did not have an FFL.

3.      E.O. was a firearms trafficker operating in the Middle District of

Florida and elsewhere. E.O. entered the United States illegally from Venezuela

before being granted Temporary Protected Status. E.O. has pled guilty to violating

18 U.S.C. § 933(a)(3) in a related case.

### B.  The Conspiracy

4.      Beginning in or about December 2023 and continuing until on or about

January 31, 2025, in the Middle District of Florida, and elsewhere the defendants,

JOUSTIN ALFREDO OLIVO NICACIO,
a/k/a Joustin Alfredo Olivo-Nicacio,
and
LENIN EDGARDO GONZALEZ-CASANAS,
a/k/a Lenin Edgardo Gonzalez Casanas,

did knowingly attempt to and conspire and agree with others known and unknown,

to ship, transport, transfer, cause to be transported, and otherwise dispose of any

firearm to another person, in or otherwise affecting interstate or foreign commerce,

knowing and having reasonable cause to believe that the use, carrying, and

possession of a firearm by the recipient would constitute a felony, to wit: Possession

of a Firearm by an Alien, in violation of 18 U.S.C. § 922(g)(5), Engaging in the Business without a License, in violation of 18 U.S.C. § 922(a)(1), and Smuggling Goods from the United States, in violation of 18 U.S.C. § 554, and did receive from another person any firearm in or otherwise affecting interstate and foreign commerce, and did so knowing and having reasonable cause to believe that such receipt would constitute a felony, to wit, Straw Purchasing of Firearms, in violation as defined in 18 U.S.C. § 932(a).

### C. Manner and Means of the Conspiracy

6.    The manner and means by which the members of the conspiracy sought to accomplish the objects and purpose of the conspiracy included, among others, the following:

a.  It was part and object of the conspiracy that the defendants, NICACIO and CASANAS, and others, including E.O., and Unindicted Co-Conspirator 1, would and did ship, transport, transfer, cause to be transported, and otherwise dispose of a firearm to another person in or otherwise affecting interstate and foreign commerce, and did so knowing and having reasonable cause to believe that the use, carrying, and possession of a firearm by the recipient would constitute a felony as defined in 18 U.S.C. § 932(a).

b.  It was part and object of the conspiracy that the defendants, NICACIO and CASANAS, and others, including E.O., and Unindicted Co-Conspirator 1, would and did receive from another person any firearm in or otherwise affecting interstate and foreign commerce, and did so knowing and having reasonable cause to

3

believe that such receipt would constitute a felony as defined in 18 U.S.C. § 932(a).

c.  It was further part and object of the conspiracy that E.O., and the defendants, NICACIO and CASANAS, would and did provide funds and instructions to the other co-conspirators, including, defendants, NICACIO and CASANAS, and Unindicted Co-Conspirator 1, to facilitate the conspiracy.

d.  It was further part and object of the conspiracy that E.O. would and did order firearms from the defendants, NICACIO and CASANAS, and Unindicted Co-Conspirator 1.

e.  It was further part and object of the conspiracy that, after receiving gun orders from E.O. and CASANAS, NICACIO, and Unindicted Co-Conspirator 1 would and did purchase firearms from FFLs and others, using funds provided by E.O., CASANAS, and others.

f.  It was further part and object of the conspiracy that, when purchasing firearms from FFLs, NICACIO and Unindicted Co-Conspirator 1 would and did complete ATF Form 4473s and make false representations on the forms.  NICACIO and Unindicted Co-Conspirator 1 would falsely certify that they were the true buyers of the firearms, when in truth, they intended to immediately transfer the firearms to E.O., CASANAS, and others in furtherance of the conspiracy.  When CASANAS obtained firearms from a private seller, or unlicensed dealer —there would be no background check conducted, and no ATF Form 4473 completed.

g.  It was further part and object of the conspiracy that, once the firearms were acquired by E.O. and CASANAS, they would and did deliver them to co-

conspirators operating in the Middle District of Florida and elsewhere.

All in violation of 18 U.S.C. § 933(a)(3).

## COUNT TWO
### (Straw Purchasing of Firearms)

On or about October 2, 2024, in the Middle District of Florida, the defendant,

### JOUSTIN ALFREDO OLIVO NICACIO,
a/k/a Joustin Alfredo Olivo-Nicacio,

did knowingly purchase a firearm, to wit: three Palmetto State Armory Warehouse

rifles, bearing serial numbers SA47017904, SA47017909, and SA47017495, in or

otherwise affecting interstate or foreign commerce for, on behalf of, or at the request

or demand of E.O., knowing or having reasonable cause to believe that E.O.

intended to use, carry, possess, and sell and otherwise dispose of the firearm in

furtherance of a felony, to wit: attempting to and conspiring to traffic in firearms, in

violation of 18 U.S.C. § 933(a), and possession of a firearm by an alien illegally in

the United states, in violation of 18 U.S.C. § 922(g)(5).

All in violation of 18 U.S.C. § 932(b).

## COUNT THREE
### (Possession of a Firearm by an Alien Illegally in the United States)

On or about January 30, 2025, in the Middle District of Florida, the

defendant,

### LENIN EDGARDO GONZALEZ-CASANAS,
a/k/a Lenin Edgardo Gonzalez Casanas,

knowing that he was an alien illegally and unlawfully in the United States, did

knowingly possess a firearm, that is: one China North Industries Group Corporation

Limited rifle, model: MAK-90 Sporter, 7.62x39 caliber, serial number 9373406; one

Century Arms International pistol, model: RAS47, 7.62x39 caliber, serial number

RAS47096465; one Interarms pistol, model: Hellpup, 7.62x39 caliber, serial number

PAC1131096; and one Glock pistol, model: 43X, 9mm caliber, serial number

AKVR134, said firearms having been shipped and transported in interstate and

foreign commerce.

In violation of 18 U.S.C. § 922(g)(5).

## FORFEITURE

1.    The allegations contained in Counts One, Two, and Three are

incorporated by reference for the purpose of alleging forfeiture pursuant to 18 U.S.C.

§§ 924(d), 934(a)(1), and 28 U.S.C. § 2461(c).

2.    Upon conviction of a violation of 18 U.S.C. §§ 922, 932, and 933, the

defendants shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d) and 28

U.S.C. § 2461(c), all firearms and ammunition involved in or used in the violations.

3.    Upon conviction of a violation of 18 U.S.C. § 933, the defendants shall

forfeit to the United States, pursuant to 18 U.S.C. § 934(a)(1)(A), any property

constituting, or derived from, any proceeds the person obtained, directly or

indirectly, as the result of such violation, and, pursuant to 18 U.S.C. § 934(a)(1)(B),

any of the person's property used, or intended to be used, in any manner or part, to

commit, or to facilitate the commission of, such violation.

4.    The property to be forfeited includes, but is not limited to, the

following: three Palmetto State Armory Warehouse rifles, bearing serial numbers

SA47017904, SA47017909, and SA47017495; one China North Industries Group

Corporation Limited rifle, model: MAK-90 Sporter, 7.62x39 caliber, serial number

9373406; one Century Arms International pistol, model: RAS47, 7.62x39 caliber,

serial number RAS47096465; one Interarms pistol, model: Hellpup, 7.62x39 caliber,

serial number PAC1131096; and one Glock pistol, model: 43X, 9mm caliber, serial

number AKVR134.

     5.    If any of the property described above, as a result of any act or omission

of the defendants:

         a.    cannot be located upon the exercise of due diligence;

         b.    has been transferred or sold to, or deposited with, a third party;

         c.    has been placed beyond the jurisdiction of the court;

         d.    has been substantially diminished in value; or

         e.    has been commingled with other property which cannot be

              divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property

pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).



GREGORY W. KEHOE
United States Attorney

By: _____

Patrick M. Flanigan
Assistant United States Attorney

By: _____

Michael P. Felicetta
Assistant United States Attorney
Chief, Orlando Division

FORM OBD-34
November 25

No. 25-1-71

### UNITED STATES DISTRICT COURT
Middle District of Florida
Orlando Division

### THE UNITED STATES OF AMERICA

vs.

JOUSTIN ALFREDO OLIVO NICACIO
a/k/a Joustin Alfredo Olivo-Nicacio
LENIN EDGARDO GONZALEZ-CASANAS
a/k/a Lenin Edgardo Gonzalez Casanas

### INDICTMENT

Violations:    18 U.S.C. § 933(a)
18 U.S.C. § 932(b)
18 U.S.C. § 922(g)(5)



Filed in open court this 12ᵗʰ day

of November 2025.

_____
Clerk

Bail $_____

GPO 863 525